IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HARRY ROBINSON, § | | |
| § | | |
| *Plaintiff,* § | | SA-23-CV-00015-OLG |
| § | | |
| vs. § | | |
| § | | |
| UNITED STATES OF AMERICA, DENIS § | | |
| R. MCDONOUGH, SECRETARY OF § | | |
| VETERANS AFFAIRS; § | | |
| § | | |
| *Defendants.* § | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for all pretrial proceedings on April 6, 2023 [#6]. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution.

**I.  Background and Analysis**

Plaintiff, who is proceeding *pro se*, filed this case on May 27, 2022, in state court, and Defendant Denis McDonough, in his official capacity as Secretary of the Department of Veterans Affairs, removed the case to federal court on January 5, 2023. Following removal, Secretary McDonough moved for an extension of time to answer or otherwise respond to this lawsuit, noting that he had not been properly served in accordance with Federal Rule of Civil Procedure 4(i) and requesting 60 days post-service to file a responsive pleading. The Court granted the

motion.  Thereafter, Secretary McDonough filed on the docket a letter addressed to Plaintiff, dated January 17, 2023.  The letter informed Plaintiff that his case has been removed to federal court, and he is required to serve Defendants pursuant to Rule 4(i).

Several months passed, and Plaintiff still had not requested issuance of summons to properly serve Defendants.  Thus, on April 12, 2023, the undersigned *sua sponte* extended the time for service until May 12, 2023, and provided Plaintiff with instructions regarding service under Rule 4(i).  By June 20, 2023, Plaintiff still had not filed anything with the Court or taken any steps to effectuate proper service on Defendant.  The undersigned therefore ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution on or before June 30, 2023.  To date, Plaintiff still has not taken any action in this case or responded to the show cause order.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b).  In light of Plaintiff's failure to respond to the undersigned's show cause order or to take any steps to serve Defendant with process under Rule 4(i), the Court will recommend that Plaintiff's claims be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned **recommends** that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED.**

    SIGNED this 19th day of July, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE